ARABELLA HUBBARD *vs.* SAMUEL A. MOSELY, Executor.

A promissory note, in terms payable to order, but containing a condition that it shall be given up to the maker as soon as the amount of it is received by the payee, is not negotiable.

The objection, that a conditional note payable to order is not negotiable, is open at the trial of an action thereon, in which the plaintiff alleges that it was made to order and indorsed to him, and truly sets forth a copy of the note, and the defendant does not demur, nor deny that the note was payable to order or that it was indorsed to the plaintiff.

ACTION OF CONTRACT against the executor of Edmund Hubbard. " And the plaintiff says the said Hubbard made a promissory note payable to the order of J. H. & Wm. L. Mills, and the said J. H. and Wm. L. indorsed the same to the plaintiff; and the defendant owes the plaintiff the amount of said note and interest thereon." Annexed was a copy as follows : " $500. Ninety days after date for value received I promise to pay J. H. & Wm. L. Mills or order five hundred dollars. This note is on

the condition that as soon as the amount of five hundred dollars is received by the said J. H. & Wm. L. Mills, then this note is to be given up to the said Edmund Hubbard. Chester, March 5th 1855. Edmund Hubbard."

The answer left the plaintiff to prove the making of the note; and alleged want of consideration, fulfilment of the condition, and that the plaintiff took the note without consideration, overdue and with notice.

At the trial in the court of common pleas in Hampden, before *Bishop*, J., the plaintiff offered in evidence the original of the instrument declared on. The defendant objected that it was not a negotiable promissory note. But the court overruled the objection and admitted the evidence. After the evidence was all in, the counsel stated that there were no facts for the jury, a verdict was taken by consent for the plaintiff, and the defendant alleged exceptions.

*H. Vose*, for the defendant. 1. The paper offered in evidence, not being payable absolutely and at all events, but subject to a condition or contingency upon the happening of which the liability to pay was to cease, was not a negotiable promissory note. Chit. Bills, (12th Amer. ed.) 136, note. *Coolidge* v. *Ruggles*, 15 Mass. 387. *Shaw* v. *Methodist Episcopal Society in Lowell*, 8 Met. 223. *Osgood* v. *Pearsons*, 4 Gray, 455. *Palmer* v. *Ward*, 6 Gray, 340.

2. The question whether the note was negotiable was matter of law, which cannot be deemed admitted by the omission to deny it or to suggest it by demurrer. The direct assent of the parties cannot authorize the rendering of a judgment without any legal foundation. Even in matters of fact, things not alleged in the declaration need not be denied in the answer. *Tarbell* v. *Gray*, 4 Gray, 444.

*R. A. Chapman & F. Chamberlin*, for the plaintiff. 1. This was a negotiable promissory note, in terms payable to order, and containing no condition prior to payment. It is a much stronger case than *Stevens* v. *Blunt*, 7 Mass. 240, in which a note payable to a certain person " or order by the 20th of May, or when he completes the building according to contract," was held negotiable.

2. The question was not open at the trial. The declaration alleged that the defendants made a note payable to the order of J. H. & W. L. Mills, and that they indorsed it to the plaintiff; and annexed a copy of the note. Neither of these allegations is denied in the answer, and the note given in evidence accords with the copy annexed. The issues raised by the answer were all questions of fact, and the defendant's counsel at the trial agreed that there was no question for the jury, and submitted to a verdict for the plaintiff. The objection to the negotiability of the note was a matter of law arising upon the face of the declaration, and could only be availed of by demurrer. *St.* 1852, *c.* 312, §§ 17, 18, 21.

BIGELOW, J.   1. The paper writing set out in the declaration is not a negotiable promissory note, on which an action can be maintained by a person other than the one to whom it is made payable. It is a contract to pay a sum of money on a condition, and not a promise to pay it to the payee or holder absolutely and at all events. The defendant's intestate by the terms of the note had a right to pay it in full, at any time before its maturity, to the persons to whom it was made payable. Such payment to them would have been a good discharge of the contract, although it had then been passed over to a third person, if the promisor had no notice of such transfer. The stipulation or condition therefore was inconsistent with its unlimited negotiability, and takes away from the contract the essential feature of a promissory note. Chit. Bills, (12th Amer. ed.) 134 *& seq.*

2. The objection now urged by the plaintiff's counsel, that the point on which the defendant relies was not properly raised by the pleadings, does not seem to have been taken at the trial, and is therefore not now open on the exceptions. But we cannot doubt that it was competent for the defendant to object that the note, when offered in support of the declaration, did not maintain the action. True it is that the defendant might under the practice act, *St.* 1852, *c.* 312, § 21, have raised the same question by demurrer; but it does not follow that he is precluded from making the same objection at a subsequent

stage of the case. On the contrary, the plaintiff was bound to show in evidence a note which would enable her to maintain an action in her own name as indorsee of a negotiable promissory note. But the contract given in evidence was one upon which the plaintiff could not maintain an action in her own name in any form. This defence was therefore open at the trial. *Hervey* v. *Moseley*, 7 Gray, 479.

*Exceptions sustained.*